1  Paul W. Moncrief, Esq.  SBN 204239
   JOHNSON & MONCRIEF, PLC
2  295 S. Main Street, Suite 600
   Salinas, CA 93901
3  Telephone: (831) 759-0900
   Facsimile: (831) 759-0902

4  Attorney for Plaintiff, Owyhee Produce LLC

5

6

7

8              UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10

11 OWYHEE PRODUCE LLC,                     )  Case No.
                                           )
12              Plaintiffs,                 )  COMPLAINT FOR VIOLATIONS
                                           )  OF THE PERISHABLE
13 v.                                       )  AGRICULTURAL COMMODITIES
                                           )  ACT ("PACA") [7 U.S.C. §499a et
14                                          )  seq.]
   KIMBERLY PEREZ, an individual, MARK     )
15 PEREZ, an individual, EARLY BIRD        )  1. BREACH OF CONTRACT;
   PRODUCE, and DOES 1 through 20, Inclusive,)  2. ENFORCEMENT OF
16                                          )     STATUTORY TRUST
                                           )     PROVISIONS OF PACA;
17              Defendants.                 )  3. FOR VIOLATION OF PACA;
                                           )     FAILURE TO ACCOUNT
18                                          )     AND PAY PROMPTLY;
                                           )  4. FOR INJUNCTIVE RELIEF
19                                          )     AND/OR TEMPORARY
                                           )     RESTRAINING ORDER;
20                                          )  5. UNJUST ENRICHMENT;
                                           )  6. CONVERSION; and
21 _____)  7. DECLARATORY RELIEF.

22       Plaintiff Owyhee Produce alleges as follows:

23                          I.

24            JURISDICTION AND VENUE

25       1.    This court has jurisdiction of this case pursuant to Section 5(c)(5) of the

26 Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. Section 499(c)(5)

27 ("PACA") and pursuant to 28 U.S.C. Section 1331.  Venue is proper pursuant to 28 U.S.C.

28 Section 1391(b).

Complaint For Violations of the Perishable Agricultural Commodities
Owyhee Produce v. Kimberly Perez, et al.

1

## II.

## GENERAL ALLEGATIONS

2.    Plaintiff OWYHEE PRODUCE LLC ("OWYHEE") is now and at times material herein has been an Oregon limited liability corporation doing business within the State of California, with its principal place of business in Nyssa, Oregon.

3.    Plaintiff is informed, believes, and thereon alleges that Defendant EARLY BIRD PRODUCE ("EARLY BIRD") is an unregistered d.b.a. of Defendants KIMBERLY PEREZ and MARK PEREZ, doing business under the laws of the State of California, with its principal place of business in Soledad, California.

4.    Plaintiff is informed, believes, and thereon alleges that Defendants KIMBERLY PEREZ and MARK PEREZ are now and all times mentioned herein have been individuals who are officers, directors, principals, shareholders, named Perishable Agricultural Commodities Act license holders and/or managing agents of Early Bird.

5.    Plaintiff is informed, believes, and thereon alleges that Defendants KIMBERLY PEREZ and MARK PEREZ are residents of the State of California, County of Monterey and that such individuals conduct business operations within the State of California.

6.    Plaintiff is informed, believes and thereon alleges that KIMBERLY PEREZ and MARK PEREZ are and at all times material herein have been insiders with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who is and during all times relevant herein were responsible for the daily management and control of Early Bird and who are and during all relevant times herein were statutory trustees under PACA in a position to control the PACA trust assets that are the subject of this lawsuit.

7.    At all times relevant herein, Defendants, and each of them, were acting as agents of one another with the course and scope of such agency and were engaged in the handling of produce in interstate and/or foreign commerce as commission merchants, dealers, and/or brokers, subject to the provisions of PACA and the regulations promulgated by the Secretary of Agriculture of the United States pursuant to PACA.  Defendants, and each of them, operates under PACA License No. 20061282.

8.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues there Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein were proximately caused by their conduct.

9.     Between November 2006 and January 2007, Defendants purchased five shipments of onions and other perishable agricultural commodities being shipped in interstate commerce, from OWYHEE under OWYHEE invoice numbers 217259, 217451, 217492, 217493 and 217286. Defendant promised to pay OWYHEE the invoiced amount for each shipment of onions within 10 days and payment within that time period is required by the PACA. OWYHEE shipped the onions under the identified invoices to Defendants in the State of California. Defendants promised to pay OWYHEE $13,169.50 for the onions delivered to Defendants under OWYHEE invoice number 217259. (True and correct copies of invoice number 217259 and the associated hauling contract are attached hereto as Exhibit A and incorporated herein by reference.)  Defendants promised to pay OWYHEE $6,315.50 for the onions delivered to Defendants under OWYHEE invoice number 217451.  (True and correct copies of invoice number 217451 and the associated hauling contract are attached hereto as Exhibit B and incorporated herein by reference.)  Defendants promised to pay OWYHEE $13,287.85 for the onions delivered to Defendants under OWYHEE invoice number 217492.  (True and correct copies of invoice number 217492 and the associated hauling contract are attached hereto as Exhibit C and incorporated herein by reference.)  Defendants promised to pay OWYHEE $13,372.50 for the onions delivered to Defendants under OWYHEE invoice number 217493. (True and correct copies of invoice number 217493 and the associated hauling contract are attached hereto as Exhibit D and incorporated herein by reference.)  Defendants promised to pay OWYHEE $13,004.00 for the onions delivered to Defendants under OWYHEE invoice number 217286. (True and correct copies of invoice number 217286 and the associated hauling contract are attached hereto as Exhibit E  and incorporated herein by reference.)  OWYHEE

1    promptly invoiced Defendants for each of the shipments delivered between November 2006 and

2    January 2007. However, Defendants have failed and refused to make payment on the invoices

3    for the onions delivered to Defendants by OWYHEE. Such payments, due by Defendants, are

4    each more than 90 days overdue, since delivery of the invoices to Defendants.

5         10.    Subsequent to Defendants' failure to make timely payment on the five shipments

6    of onions described herein, OWYHEE contacted Defendants. Defendants again promised that

7    they would make payment on the invoices. However, Defendants again failed and refused to

8    remit payment to OWYHEE.

9                                      **III.**

10                           **FIRST CAUSE OF ACTION**

11                   **(Breach of Contract with OWYHEE - All Defendants)**

12        11.    OWYHEE hereby alleges and incorporates by reference paragraph 1 through 10 of

13    this Complaint, inclusive, as though fully set forth herein.

14        12.    Between about November 2006 and January 2007, in a series of transactions,

15    OWYHEE sold and shipped perishable agricultural commodities from Oregon to Defendants, in

16    California, at Defendants' request, and Defendants agreed to pay OWYHEE in amounts of at

17    least as the sum of the invoices of Fifty Nine Thousand One Hundred Forty Nine dollars and

18    thirty five cents ($59,149.35).

19        13.    At or about the date of each transaction described above, OWYHEE forwarded to

20    Defendants invoices for payment of Defendant's purchase of the commodities described above.

21        14.    OWYHEE has repeatedly demanded that Defendants pay the amounts due and

22    owing under the invoices. However, Defendants have failed and refused, and continue to fail and

23    refuse, to pay OWYHEE for the produce purchased by Defendants and no part of the sum due

24    and owing has been paid.

25        15.    OWYHEE has performed all conditions, covenants and obligations required to be

26    performed by it under the agreement for sales of produce as set forth herein.

27        16.    At the direct and proximate result of the failure of Defendants to remit payment

28    due to OWYHEE as described above, OWYHEE has suffered losses in the amount of

---

1   at least Fifty Nine Thousand One Hundred Forty Nine dollars and thirty five cents ($59,149.35),

2   plus interest, attorneys fees and collection costs.

3                                                  IV.

4                            **SECOND CAUSE OF ACTION**

5   **(Enforcement of Statutory Trust Provisions of PACA By OWYHEE - All Defendants)**

6            17.    OWYHEE hereby realleges and incorporates by reference paragraph 1 through 16

7   of this Complaint, inclusive, as though fully set forth herein.

8            18.    OWYHEE at all times relevant herein was engaged in the business of selling and

9   shipping perishable agricultural commodities as defined by PACA [7 U.S.C. Section 499(4)].

10           19.    The perishable agricultural commodities that are the subject of this action were

11  purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

12           20.    Pursuant to 7 U.S.C. Section 499e(c)(1)-(4) of PACA, upon receipt of the produce

13  sold by OWYHEE to Defendants, OWYHEE became the beneficiary of the floating,

14  nonsegregated statutory trust on all of Defendants' perishable agricultural commodities, all

15  inventories of food or other products derived from perishable agricultural commodities, and any

16  receivables or proceeds from the sale of such perishable agricultural commodities or products or

17  assets derived therefrom.

18           21.    Pursuant to the statutory trust provisions of PACA (7 U.S.C. Section 499e(c)(1)-

19  (4)), OWYHEE is informed and believes and thereon alleges that Plaintiff has performed and

20  fulfilled all duties required to preserve its trust benefits in the total amount of at least Fifty Nine

21  Thousand One Hundred Forty Nine dollars and thirty five cents ($59,149.35), plus interest,

22  attorneys fees and collection costs.

23           22.    OWYHEE is informed and believes for the reasons alleged at paragraph 3 through

24  8, inclusive, above, that Defendants, and each of them, are statutory trustees under PACA. The

25  PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories,

26  proceeds and receivables in trust for the benefit of OWYHEE until full payment has been made

27  to OWYHEE.

28           23.    OWYHEE    is   informed   and believes and thereon alleges that Defendants

*Complaint For Violations of the Perishable Agricultural Commodities*
*Owyhee Produce v. Kimberly Perez, et al.*

1    have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations

2    to OWYHEE in that said Defendants have failed to perform the requirements of said statutory

3    trust provisions, express and implied, and have breached their fiduciary duties to maintain the

4    trust assets, all in violation of the provisions of the PACA, 7 U.S.C. Section 44(b)(4), and 7

5    C.F.R. Section 46.46, and all other pertinent regulations issued by the Secretary of Agriculture

6    pursuant to the PACA.

7        24.    OWYHEE is informed and believes and thereon alleges that during times relevant

8    herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or

9    divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce to

10   their own use and/or to an unknown third party or parties, in violation of their statutory duties

11   under PACA to preserve the trust assets for the benefit of OWYHEE. The statutory trust created

12   by PACA gives priority to the interest of OWYHEE on all inventories of products derived from

13   perishable agricultural commodities, and any receivables or proceeds from the sale of such

14   commodities or products that have been transferred to secured or unsecured creditors.

15       25.    As a direct and proximate cause and result of the wrongful acts and omissions of

16   the Defendants, OWYHEE has suffered the cumulative loss of at least Fifty Nine Thousand One

17   Hundred Forty Nine dollars and thirty five cents ($59,149.35), plus interest, attorneys fees and

18   collection costs, all of which qualifies for protection under the PACA trust.

19                                          V.

20                              **THIRD CAUSE OF ACTION**

21                  **(For Violation of Perishable Agricultural Commodities Act:**

22            **Failure to Account and Pay Promptly OWYHEE - All Defendants)**

23       26.    OWYHEE hereby realleges and incorporates by reference paragraphs 1 through

24   25 of this Complaint, inclusive, as though set forth herein.

25       27.    OWYHEE has repeatedly demanded that Defendants pay the amounts due states

26   above, for produce sold and delivered to Defendants as described above. Despite these demands,

27   Defendants have failed and refused to truly, correctly and accurately account for and make full

28   payments of the proceeds of those transactions. Therefore, Defendants have failed to perform

the requirements of said contracts of sale, express or implied, and have breached their duty to account and pay for the product sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of PACA and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

28.    As a direct and proximate cause and result of the wrongful acts and omission of the Defendants as alleged above, Plaintiff has suffered the cumulative loss of at least Fifty Nine Thousand One Hundred Forty Nine dollars and thirty five cents ($59,149.35) in net produce sales proceeds due and owing to OWYHEE in the amounts separately alleged above, and wrongfully withheld or wrongfully diverted by Defendants.

## VI.

## FOURTH CAUSE OF ACTION

### (For Injunctive Relief and/or Temporary Restraining Order

### In Favor of OWYHEE - All Defendants)

29.    OWYHEE hereby realleges and incorporates by reference paragraph 1 through 28 of this Complaint, inclusive, as though fully set forth herein.

30.    Pursuant to the provisions of PACA and specifically 7 U.S.C. Section 449a et seq. and 499e(c)(1 through (4), inclusive, perishable agricultural commodities received by a commission merchant, broker or dealer in all transactions and all inventories or other products derived from these products are held in trust by the receiver for the benefit of the unpaid supplier until such suppliers receive full payment of sums owed in connection with such transactions.

31.    On several occasions, OWYHEE has demanded via written notice and telephone calls that Defendant pay the balance due to OWYHEE in the amounts alleged herein but Defendants have failed and refused and continue to fail and refuse to do so.

32.    Defendants have failed to pay their undisputed PACA trust debts to OWYHEE which are the subject of this Complaint.  OWYHEE is informed, believes and thereon alleges that the PACA trust assets are dissipating and will continue to dissipate unless Defendants are restrained.

33.    Pursuant to the terms of the statutory PACA trust herein alleged, and

1    pursuant to Defendants' fiduciary duties as described above, said Defendants owed a duty to

2    transfer to OWYHEE sums owed to OWYHEE for the produce shipments which are the subject

3    of this Complaint.

4         34.    OWYHEE is informed and believes and thereon alleges that said Defendants have

5    diverted and will continue to divert PACA trust assets due and owing to OWYHEE either to

6    themselves or to third parties, or will dissipate, conceal or otherwise make such assets

7    unavailable if a noticed hearing seeking injunctive relief is required.

8         35.    If such diversion of assets is allowed to continue, OWYHEE will suffer great and

9    irreparable harm in that the PACA trust assets will not be preserved and OWYHEE will be

10   unable to pay its own creditors from whom the produce supplied to Defendants was purchased.

11   Moreover, OWYHEE and other creditors of Plaintiff's, a substantial number of which are

12   statutory trust creditors of OWYHEE under PACA, will suffer great and irreparable harm if all

13   proceeds of sale, including trust assets of Defendants are dissipated and are forever lost to such

14   creditors.

15        36.    Therefore, OWYHEE requests that this Court enter an ex parte order for an

16   accounting and injunctive relief to compel turnover of all amounts subject to the PACA trust.  In

17   the alternative, OWYHEE requests that this Court enter a temporary restraining order directing

18   that Defendants, Defendants' officers, directors, shareholders, bankers, attorneys, agents or any

19   other person acting on Defendants' behalf not disturb, transfer or otherwise dissipate the PACA

20   trust assets pending a hearing on the OWYHEE's Application for Injunctive Relief.

21        37.    Defendants will not be damaged or injured in any way by the requested relief

22   because the assets they hold are due and owing to OWYHEE. Further, to the extent the assets are

23   secured by the PACA trust, such assets rightfully belong to OWYHEE and are held in trust by

24   Defendants for the benefit of OWYHEE .

25                                  **VII.**

26                          **FIFTH CAUSE OF ACTION**

27            **(For Unjust Enrichment By OWYHEE - All Defendants)**

28        38.    OWYHEE hereby realleges and incorporates by reference paragraph 1 through

---

*Complaint For Violations of the Perishable Agricultural Commodities*
*Owyhee Produce v. Kimberly Perez, et al.*

1 | 37 of this Complaint, inclusive, as though fully set forth herein.

2 | 39. Defendants have converted, or are now in the process of converting, to their own

3 | use and benefit, the goods delivered to Defendants by OWYHEE and/or the proceeds therefrom,

4 | valued in the cumulative amount of at least Fifty Nine Thousand One Hundred Forty Nine dollars

5 | and thirty five cents ($59,149.35) as separately set forth above.

6 | 40. If Defendants are allowed to continue to convert and/or use such goods and/or

7 | proceeds, they will be unjustly enriched to the detriment of OWYHEE.

8 | 41. As a direct and proximate result of the wrongful conversion of funds due to

9 | OWYHEE, OWYHEE has been damaged and Defendants have been unjustly enriched in the

10 | cumulative amount of at least Fifty Nine Thousand One Hundred Forty Nine dollars and thirty

11 | five cents ($59,149.35), as separately set forth above.

12 | **VIII.**

13 | **SIXTH CAUSE OF ACTION**

14 | **(OWYHEE For Conversion - All Defendants)**

15 | 42. OWYHEE hereby realleges and incorporates by reference paragraph 1 through 41

16 | of this Complaint, inclusive, as though fully set forth herein.

17 | 43. At all times relevant herein, OWYHEE was, and currently is, entitled to

18 | possession of the specific sums as alleged herein in the total cumulative amount of at least Fifty

19 | Nine Thousand One Hundred Forty Nine dollars and thirty five cents ($59,149.35).

20 | 44. Beginning in November 2006 and continuing thereafter, OWYHEE has repeatedly

21 | demanded the immediate turnover of the above-mentioned sums but Defendants have failed and

22 | refused, and continues to fail and refuse, to turn over such sums of money to OWYHEE.

23 | OWYHEE is informed and believes and thereon alleges that Defendants have diverted payments

24 | of accounts receivables, assets of the PACA trust and monies due and owing to OWYHEE to

25 | themselves and to other unknown third parties.

26

27

28

IX.

**SEVENTH CAUSE OF ACTION**

**(OWYHEE For Declaratory Relief - All Defendants)**

45.    OWYHEE hereby realleges and incorporates by reference paragraph 1 through 44 of this Complaint, inclusive, as though fully set forth herein.

46.    An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that OWYHEE contends that the PACA trust requires the Defendants to preserve the trust assets for the benefit of the OWYHEE until OWYHEE is fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

47.    OWYHEE seeks an Order of this Court declaring that its PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which OWYHEE is beneficiary. OWYHEE would show that any perfected interest which a third party might have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as OWYHEE.

48.    Further, OWYHEE seeks declaratory judgment from this Court establishing (1) that the trust funds never became property of Defendants; and (2) that OWYHEE's trust claims under PACA are superior to and take priority over Defendants' secured and unsecured non-PACA claims, if any, to Defendants' accounts receivable, inventory and proceeds thereof; and, (3) that only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of Defendants, possibly subject to a third party's liens or claims, if such are established, pursuant to 7 U.S.C. Section 499(b)(4) and 7 C.F.R. Section 46.33.

**WHEREFORE, Plaintiff OWYHEE prays for judgment against Defendants as follows:**

**FIRST CAUSE OF ACTION**

**(For Breach of Contract)**

1.    For damages in the cumulative amount of Fifty Nine Thousand One Hundred

1    Forty Nine dollars and thirty five cents ($59,149.35).

2         2.    For interest and/or finance charges thereon at the highest legal rate from the date

3    the obligation became due and payable to Plaintiff;

4         3.    For reasonable attorney's fees and costs of suit incurred herein; and

5         4.    For such other and further relief as the Court may deem just and proper.

6    **SECOND CAUSE OF ACTION**

7    **(For Enforcement of Statutory Trust Provisions of PACA)**

8         1.    For an order requiring Defendants to immediately account for any pay all PACA

9    trust assets to Plaintiff in the cumulative amount of Fifty Nine Thousand One Hundred Forty

10   Nine dollars and thirty five cents ($59,149.35);

11        2.    For interest and/or finance charges thereon at the highest legal rate from the date

12   the obligation became due and payable to Plaintiff;

13        3.    For reasonable attorney's fees and costs of suit incurred herein; and,

14        4.    For such other and further relief as the Court may deem just and proper.

15   **THIRD CAUSE OF ACTION**

16   **(For Violation of PACA:  Failure to Account and Pay Promptly)**

17        1.    For damages in the cumulative amount of Fifty Nine Thousand One Hundred

18   Forty Nine dollars and thirty five cents ($59,149.35);

19        2.    For an order requiring Defendants to immediately account for any pay all PACA

20   trust assets to Plaintiff in the cumulative amount of Fifty Nine Thousand One Hundred Forty

21   Nine dollars and thirty five cents ($59,149.35);

22        3.    For interest and/or finance charges thereon at the highest legal rate from the date

23   the obligation became due and payable to Plaintiff;

24        4.    For reasonable attorney's fees and costs of suit incurred herein; and,

25        5.    For such other and further relief as the Court may deem just and proper.

26   **FOURTH CAUSE OF ACTION**

27   **(For Injunctive Relief; Temporary Restraining Order)**

28

1.    For an accounting and injunctive relief to turn over all amounts subject to the PACA trust;

2.    For interest and/or finance charges thereon at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3.    For reasonable attorney's fees and costs of suit incurred herein; and,

### FIFTH CAUSE OF ACTION

#### (For Unjust Enrichment)

1.    For damages in the cumulative amount of Fifty Nine Thousand One Hundred Forty Nine dollars and thirty five cents ($59,149.35);

2.    For interest and/or finance charges thereon at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3.    For reasonable attorney's fees and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

### SIXTH CAUSE OF ACTION

#### (For Conversion)

1.    For value of the monies converted in the cumulative amount of Fifty Nine Thousand One Hundred Forty Nine dollars and thirty five cents ($59,149.35);

2.    For interest and/or finance charges thereon at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3.    For reasonable attorney's fees and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

### SEVENTH CAUSE OF ACTION

#### (For Declaratory Relief)

1.    For a declaratory judgment establishing that:

(a)    The PACA trust funds never became the property of Defendants;

(b)    The Plaintiff's trust claims under PACA are superior to and take priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds; and

(c)    Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of Defendants possibly subject to the Defendants' liens or claims, if any are established.

2.    For enforcement of the trust provisions of PACA through payment of the cumulative sum of Fifty Nine Thousand One Hundred Forty Nine dollars and thirty five cents ($59,149.35);

3.    For interest and/or finance charges thereon at the highest legal rate from the date the obligation became due and payable to Plaintiff;

4.    For reasonable attorney's fees and costs of suit incurred herein; and

5.    For such other and further relief as the Court may deem just and proper.

Dated:  August 2, 2007

Respectfully Submitted,

JOHNSON & MONCRIEF, PLC

Paul W. Moncrief
Attorneys for Plaintiff
OWYHEE PRODUCE LLC

**EXHIBIT A**

*mailed 12-15-06*
*we paid freight $3122.*

# Owyhee Produce

**INVOICE**

**217259**
**08-Dec-06**

| Mailing Address | 3150 Echo Rd. | Nyssa, OR 97913 | (541) 372-5459 |
| Packing Shed Address | 206 1st Street | Adrian, OR | (541) 372-5459 |

Bill To:
Early Bird Produce
917 Entrada St
Soledad
CA          93960

Receiver PO # 7259

ShipTo:   Carrillo produce / Natural Pro
Order #:   217259
Shipped Date:   08-Dec-06

Freight By:
Reefer      F1556 A FI

| Quantity: | Other | Description | Label Name: | Unit Price: | Amount |
|---|---|---|---|---|---|
| 0 | 1 | Other | Temp Recorder | $10.00 | $10.00 |
| 798 | 0 | Jumbo Yellow | Uplander | $10.00 | $7,980.00 |
| 80 | 0 | Red Jumbo | Other | $8.25 | $660.00 |
| 0 | 838 | Purchased | Freight | $5.25 | $4,399.50 |
| 0 | 20 | pallets | pallets | $6.00 | $120.00 |

Remit payment to:
Owyhee Produce
3150 Echo Rd.
Nyssa, OR 97913

$13,169.50

Y T *Paid*
N B

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authouzed by section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e (c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. PACA terms: Full payment 10 days.

**EXHIBIT B**

*mailed*
*11-17-06*
*Paid in full*
*Brefert 1/28*
*Check didn't*
*clear*

# INVOICE
217451

# Owyhee Produce

| | | | |
|---|---|---|---|
| Mailing Address | 3150 Echo Rd. | Nyssa, OR 97913 | (541) 372-5459 |
| Packing Shed Address | 206 1st Street | Adrian, OR | (541) 372-5459 |

Bill To:
Early Bird Produce
917 Entrada St
Soledad
CA        93960

Receiver PO #

ShipTo:     xx
Order #:     217451
Shipped Date:   16-Nov-06

Freight By:
dean LFL        Flat        515 515T

| Quantity: | Other | Description | Label Name: | Unit Price: | Amount |
|---|---|---|---|---|---|
| 225 | 0 | Jumbo White | Other invoice to come from frahm's | ($0.00) | $0.00 |
| 630 | 0 | Jumbo Yellow | Uplander | $8.25 | $5,197.50 |
| 84 | 0 | Colossal Yellow | Dam Good | $12.00 | $1,008.00 |
| 22 | 0 | pallets | pallets | $5.00 | $110.00 |
| | | | | | $6,315.50 |

| Remit payment to: | Owyhee Produce 3150 Echo Rd. Nyssa, OR 97913 | |
|---|---|---|

The perishable agricultural commodities listed on this invoice are sold subject to the statutory turst authorized by section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e (c). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. PACA terms: Full payment 10 days.

**EXHIBIT C**

# INVOICE

**217492**
**05-Dec-06**

# Owyhee Produce

| | | | |
|---|---|---|---|
| Mailing Address | 3150 Echo Rd. | Nyssa, OR 97913 | (541) 372-5459 |
| Packing Shed Address | 206 1st Street | Adrian, OR | (541) 372-5459 |

Bill To:   Early Bird Produce
917 Entrada St
Soledad
CA     93960

Receiver PO #

ShipTo:

Order #:   217492

Shipped Date:   04-Dec-06

Freight By:   Dry Van     14 DGR CO.

| Quantity: | Other | Description | Label Name: | Unit Price: | Amount |
|---|---|---|---|---|---|
| | | | Freight | $5.40 | $4,530.60 |
| 0 | 839 | Other | Uplander | $8.75 | $5,521.25 |
| 631 | 0 | Jumbo Yellow | Dam Big | $14.50 | $2,436.00 |
| 168 | 0 | Super Colossal | Onions | $8.50 | $680.00 |
| 80 | 0 | Red Jumbo | pallets | $6.00 | $120.00 |
| 0 | 20 | pallets | | | $13,287.85 |

Remit payment to:   Owyhee Produce
3150 Echo Rd.
Nyssa, OR 97913

The perishable agricultural commodities listed on this invoice are sold subject to the statutory turst authorized by section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e (c). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. PACA terms: Full payment 10 days.

# Owyhee Produce

| | | | |
|---|---|---|---|
| Mailing Address | 3150 Echo Rd | Nyssa, OR 97913 | (541) 372-5459 |
| Packing Shed Address | 206 1st | Adrian, OR 97901 | (541) 372-5759 |

## Contract of Haul

Order: 217492
Date: 04-Dec-06

**Ship To:**
Ship Address:
City / State: Florida, GA
Phone:

Customer: Early Bird Produce
Address: 917 Entrada St
City / State: Soledad        CA        93960
Phone: (831) 678-1845

Receiver PO:
Truck Broker:

Truck Type: Dry Van
Truck Licence: 14 DGR CO.

Special Instructions:

| Quantity | Other | Description | Bag Size | Label Name | Weight |
|---|---|---|---|---|---|
| 642 | | Jumbo Yellow | 50 lb | Uplander | |
| 168 | | Super Colossal | 50 lb | Dam Big | |
| 80 | | Red Jumbo | 25 lb | Onions | |
| 20 | | pallets | 50 lb | pallets | |
| | | | | Total Weight | |

FREIGHT CHARGES TO BE PAID B ☐ Truck Broker   ☑ Shipper   ☐ Receiver   ☐ Receiving Broker

Owyhee Produce by:

### Drivers Instructions

☑ Maintain temperature at ___36___ degrees:
☐ Air out every ___
☑ Keep vented dry:
☑ Protect from freezing / moisture:
☑ Temperature recorder number: 217492
☐ Seal number:
☑ Pallets   Number of pallets: 20

Driver is responsible for load and count:
Trucker is responsible for wet and frozen onions, gate and unloading fees:
Received the load described in the contract in apparent good order..
Phone daily and report location. Failure to call the receiver daily will result in a $100.00 fine per day.
I have read the calling and delivery instructions.

DRIVER'S SIGNATURE

### Receiver

Delivery Receipt:
Received load described in this contract in good order except as here noted:

Gate Fee $ ___          ☐ Paid by trucker
                        ☐ Deducted from freight

Lumpers Fee $ ___       ☐ Paid by trucker
                        ☐ Deducted from freight

RECEIVER'S SIGNATURE

Date: ___          Time: ___

If the carrier named herein, or its agent, delivers this shipment to the consignee, or its agent, without payment of freight or other lawful charges, the carrier, or its agent, does so without recourse to the shipper or its agent.
All signatures indicate acceptance of items contained on this Contract of Haul.

**EXHIBIT D**

# Owyhee Produce

| Mailing Address | 3150 Echo Rd | Nyssa, OR 97913 | (541) 372-5459 |
|---|---|---|---|
| Packing Shed Address | 206 1st | Adrian, OR 97901 | (541) 372-5759 |

## Contract of Haul

| | | Order: | 217493 |
|---|---|---|---|
| | | Date: | 07-Dec-06 |

**ShipTo:** **Early Bird Produce**

Ship Address: xx

City / State: North Carolina    xx

Phone:

Customer: Early Bird Produce

Address: 917 Entrada St

City / State: Soledad    CA    93960

Phone: (831) 678-1845

Receiver PO: _____

Truck Broker: _____

Truck Type: Dry Van

Truck Licence: _____

Special Instructions: KEEP FROM FREEZING    TRAILER # 4281

| Quantity | Other | Description | Bag Size | | Label Name | Weight |
|---|---|---|---|---|---|---|
| 0 | 1 | Propane Heater | 50 | lb | Propane Heater | 50.0 |
| 630 | 0 | Jumbo Yellow | 50 | lb | Uplander | 31,500.0 |
| 84 | 0 | Super Colossal | 50 | lb | Dam Big | 4,200.0 |
| 80 | 0 | Red Medium | 50 | lb | Onions | 4,000.0 |
| 160 | 0 | Red Jumbo | 50 | lb | Onions | 8,000.0 |
| 12 | 0 | pallets | 50 | lb | pallets | 600.0 |
| | | | | | Total Weight | 48,350.0 |

FREIGHT CHARGES TO BE PAID B ☐ Truck Broker ☐ Shipper ☑ Receiver ☐ Receiving Broker

Owyhee Produce by: _[signature]_

### Drivers Instructions

☐ Maintain temperature at    40-  degrees:

☐ Air out every _____

☑ Keep vented dry:

☑ Protect from freezing / moisture:

☑ Temperature recorder number:  F297377

☐ Seal number: _____

☑ Pallets    Number of pallets:  20

Driver is responsible for load and count:
Trucker is responsible for wet and frozen onions, gate and unloading fees:
Received the load described in the contract in apparent good order..
Phone daily and report location.  Failure to call the receiver daily will result in a $100.00 fine per day.

I have read the calling and delivery instructions.

DRIVER'S SIGNATURE _[signature]_

### Receiver

Delivery Receipt:

Received load described in this contract in good order except as here noted: _____

Gate Fee $ _____    ☐ Paid by trucker    ☐ Deducted from freight

Lumpers Fee $ _____    ☐ Paid by trucker    ☐ Deducted from freight

RECEIVER'S SIGNATURE _____

Date: _____    Time: _____

If the carrier named herein, or its agent, delivers this shipment to the consignee, or its agent, without payment of freight or other lawful charges, the carrier, or its agent, does so without recourse to the shipper or its agent.
All signatures indicate acceptance of items contained on this Contract of Haul.

# INVOICE

217493
07-Dec-06

# Owyhee Produce

| | | | |
|---|---|---|---|
| Mailing Address | 3150 Echo Rd. | Nyssa, OR 97913 | (541) 372-5459 |
| Packing Shed Address | 206 1st Street | Adrian, OR | (541) 372-5459 |

Bill To: Early Bird Produce
917 Entrada St
Soledad
CA        93960

Receiver PO #

ShipTo: Early Bird Produce
Order #: 217493
Shipped Date: 07-Dec-06

Freight By:
Dry Van

| Quantity | Other | Description | Label Name: | Unit Price: | Amount |
|---|---|---|---|---|---|
| 0 | 1 | Propane Heater | Propane Heater | $100.00 | $100.00 prepaid |
| 630 | 0 | Jumbo Yellow | Uplander | $13.75 | $8,662.50 |
| 84 | 0 | Super Colossal | Oam Big | $19.50 | $1,638.00 |
| 80 | 0 | Red Medium | Onions | $10.50 | $840.00 |
| 160 | 0 | Red Jumbo | Onions | $13.50 | $2,160.00 |
| 12 | 0 | pallets | pallets | $6.00 | $72.00 |

Remit payment to:
Owyhee Produce
3150 Echo Rd.
Nyssa, OR 97913

$13,472.50

100 —
13,372.50

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e (c). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. PACA terms: Full payment 10 days.

**EXHIBIT E**

# Owyhee Produce

**INVOICE**

217286
06-Jan-07

| | | | |
|---|---|---|---|
| Mailing Address | 3150 Echo Rd. | Nyssa, OR 97913 | (541) 372-5489 |
| Packing Shed Address | 206 1st Street | Adrian, OR | (541) 372-5489 |

Bill To:
**Early Bird Produce**
917 Entrada St
Soledad
CA          93960

Receiver PO #

ShipTo: **Early Bird Produce**
Order #:    217286
Shipped Date:   06-Jan-07

| Freight By: | | |
|---|---|---|
| early bird | Reefer | 021931A  Miss |

| Quantity | Other | Description | Label Name: | Unit Price: | Amount |
|---|---|---|---|---|---|
| 731 | 0 | Jumbo Yellow < 3 1/2 | Dam Good | $15.00 | $10,965.00 |
| 0 | 1 | Other | Temp Recorder | $15.00 | $15.00 |
| 119 | 0 | Jumbo Yellow | Uptander | $16.00 | $1,904.00 |
| 0 | 20 | pallets | pallets | $6.00 | $120.00 |

| | |
|---|---|
| Remit payment to: | Owyhee Produce<br>3150 Echo Rd.<br>Nyssa, OR 97913 |

$13,004.00

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499a (c). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. PACA terms: Full payment 10 days.

# Owyhee Produce

| Mailing Address | 3180 Echo Rd | Nyssa, OR 97913 | (541) 372-5459 |
| Packing Shed Address | 208 1st | Adrian, OR 97901 | (541) 372-8769 |

## Contract of Haul

Order: 217286
Date: 06-Jan-07

**Ship To:** Early Bird Produce

Ship Address: _____
City / State: _____
Phone: _____

Customer: Early Bird Produce
Address: 917 Entrada St
City / State: Soledad    CA    93980
Phone: (831) 678-1845

Receiver PO: _____
Truck Broker: early bird

Truck Type: Reefer
Truck License: 021981A Mics

Special Instructions: protect onions from freezing

| Quantity | Other | Description | Bag Size | Label Name | Weight |
|---|---|---|---|---|---|
| 731 | 0 | Jumbo Yellow < 3 1/2 | 50 lb | Dam Good | 36,550.0 |
| 0 | 1 | Other | 50 lb | Temp Recorder | 50.0 |
| 119 | 0 | Jumbo Yellow | 50 lb | Uplander | 5,950.0 |
| 0 | 20 | pallets | 50 lb | pallets | 1,000.0 |
| | | | | Total Weight | 43,550.0 |


FAXED
1-6-07

FREIGHT CHARGES TO BE PAID B    ☐ Truck Broker    ☐ Shipper    ☑ Receiver    ☐ Receiving Broker

Owyhee Produce by: _____

### Drivers Instructions

☑ Maintain temperature at    40    degrees:
☐ Air out every
☑ Keep vented dry:
☑ Protect from freezing / moisture:
☑ Temperature recorder number:    E296384
☐ Seal number:
☑ Pallets    Number of pallets:    0/20

Driver is responsible for load and count:
Trucker is responsible for wet and frozen onions, gate and unloading fees:

Received the load described in the contract in apparent good order..

Phone daily and report location.  Failure to call the receiver daily will result in a $100.00 fine per day.

I have read the calling and delivery instructions:

DRIVER'S SIGNATURE

### Receiver

Delivery Receipt:
Received load described in this contract in good order except as here noted:

Gate Fee $        ☐ Paid by trucker
                 ☐ Deducted from freight

Lumpers Fee $    ☐ Paid by trucker
                 ☐ Deducted from freight

RECEIVER'S SIGNATURE

Date:        Time:

If the carrier named herein, or its agent, delivers this shipment to the consignee, or its agent, without payment of freight or other lawful charges, the carrier, or its agent, does so without recourse to the shipper or its agent.
All signatures indicate acceptance of items contained on this Contract of Haul.